IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT
ALABAMA

RECEIVED
2016 JUN 20 P 3: 25

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

Paul Thomas,
   Plaintiff,

)
)
)

v.

Civil Action No. 2:16-CV-450HKW
(to be provided by Clerk)

Roderick D. Stallworth, Alabama Parole
Officer; Carol Rhodes, Alabama Parole
Board Hearing Officer; Cythia Dillard,
former Director, Alabama Board of Pardons
and Paroles; Phil Bryant, Current Director,
Alabama Board of Pardons and Paroles,
              Defendants,

## 42 U.S.C. § 1983 and 1985 (3)

This is an Action at Law and Equity, brought

by Plaintiff, Paul Thomas, under 42 U.S.C § 1983

and 1985 (3), alleging that the above named

defendants violated his Constitutional Right

to Procedural and Substantive Due Process under the 14th Amendment of the United States Constitution during his 2010 parole revocation proceeding.

Also incorporated in this petition are claims by plaintiff under Alabama State Law, against the above named defendants, for Breach of Contract, Common Law Trespass, and Trepass on Case.

Pg 2

x

# Statement of Jurisdiction

Article III § 2 of the Constitution provides that the federal judicial power shall extend to all cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority.

[T]he Court "have long recognized the great breadth of this grant of Jurisdiction whenever a federal question is an "ingredient" of the action. Osborn v. Bank of the United States, 9 Wheat, 738, 823 (1824).

Pg 3

X

In Smith v. Kansas City Title & Trust Co.,
255 U.S. 180 (1921). T.B. Harms Co. V. Eliscu,
339 F. 2d 823, 827 (CA2 1964),

"the plaintiff alleged that Missouri law
imposed a fuduciary duty on defendants"
although the cause of action was wholly
state created, the Court held that there
was original federal jurisdiction over the
case:

" the general rule is that where it appears
from the bill or statement of the plaintiff
that the right to relief depends upon the
construction or application of the Constitution

Pg 4

X

or laws of the United States, and that such federal claim is not merely colorable, and rests upon reasonable foundation, the District Court has jurisdiction under [the statute granting Federal Question Jurisdiction.]

28 U.S.C § 1331 provides, that the district courts shall have original jurisdiction " of all civil actions arising under the Constitution, laws, or treaties of the United States.

Pg 5

And as grounds for his Claims, plaintiff, Paul Thomas, now depose and avers to the following state of fact:

1) Plaintiff Paul Thomas is an United States Citizen and natural person whose Docimile is the State of Illinios, United States.

2) The Plaintiff is also classified as a Legally Mentally Disabled Person from 1989 to present.

3) In 1992, Plaintiff did travel to the State of Alabama from Ohio, in order to

Pg 6

X

care for his Mother, Barbara Jean Thomas, who was at that time, a resident of Tuscaloosa, AL.

4) After arriving in Tuscaloosa sometime in Oct. of 1992, it was then that the Plaintiff learned that his mother was diagnosed with the terminal illness of cancer and given 6 months to live by specialist and cancer doctors.

5) In April of 1993, the Plaintiff's mother did pass at the age of 41, and was laid to rest sometime in the same month.

Pg 7

X

6)  The Combination of Plaintiff's Mental Illness coupled with the fact of the sudden and unexpected death of his mother caused the Plaintiff to commit actions illegall which resulted in Plaintiff owing an obligation to the State of Alabama's Prison System for a period of Three (3) years.

7) During the three (3) year period Plaintiff was incarcerated, his condition of Mental Illness worsened as Plaintiff suffers from an incurable Mental Disease and Defect, which is at best, most difficult for psychiatric doctors to treat.                     Pg 8

X

8) After being released from the Alabama Dept. of Corrections prison system in the early part of 1996, It was only some months later that Plaintiff committed another illegal act, this time causing him an obligation to the State of Alabama Prison System of 20 years.

9) In August of 2006, the Plaintiff did enter a parole release agreement with the Alabama Board of Pardons and Paroles, and was released from the Dept. of Corrections that same month.

Pg 9

X

10) According to the Parole release agreement, the Plaintiff would remain free from physical restraint in exchange for his compliance with the terms of his parole release, the most important of which is to obey all local, state, and federal laws.

11) Also according to the parole agreement, in the event that Plaintiff is suspected or information is provided to the Alabama Board of Pardons and Paroles that the Plaintiff may be in breach of his parole agreement, that a parole revocation hearing will be held for determination by the Alabama Board of

Pg 10

x

Pardons and Paroles as to Whether the Plaintiff did or not, in fact, breach his parole agreement.

12) Explicibly implied by law, and prior to the Plaintiff's decision to accept from the Alabama Board of Pardons and Parole, an early parole release, the Plaintiff understood that in the event that a Parole Revocation Hearing is held to determine his continued release on parole, said Hearing will afford to Plaintiff the Procedural and Substantive Due Process protections under the 14th Amendment's Procedural and Due Process Clauses of the United States Constitution.                    Pg 11

X

13) In June of 2010, the Plaintiff was arrested by the Tuscaloosa Police Dept. and taken into custody, Plaintiff being held at the Tuscaloosa County Jail for the charge of Robbery I.

14) On June 23rd, 2010, Plaintiff's Parole Officer, Defendant Roderick D. Stallworth, did appear at the Tuscaloosa County Jail and presented papers for Plaintiff to sign, and informed Plaintiff that a State of Alabama Parole Revocation Hearing will be held against him.

Pg 12

X

15) At that time, while meeting with Officer Roderick D. Stallworth, on June 23rd, 2010, the Plaintiff could barely understand the communication of Officer Stallworth, and expressed to Officer Stallworth that he (the Plaintiff) is hearing voices as a result of his Mental Illness and do not understand why he can not leave the jail.

16) During this same meeting, officer Stallworth expressed to the Plaintiff that he was going to help the Plaintiff, but he needed the Plaintiff to sign the papers first, which the Plaintiff did, which papers were determined

x

later to be an Official State Document entitled "Notice of Parole Court", which the Plaintiff signed, then Officer Stallworth signed and after he signed, he tore away the pink copy, and kept the yellow and white copy, on June 23rd, 2010.

18) After being released on parole in 2006 and prior to being arrested in June 2010, the Plaintiff was hospitalized on a multitude of occasions, while on parole, due to severe mental imbalances of his condition of Mental Illness, a fact Officer Stallworth and the Board of Pardons and Paroles were well aware of.   Pg 14

X

18) At the Plaintiff's preliminary parole revocation hearing held at the Tuscaloosa County Jail on July 10th, 2010, hearing being held by Parole Board member and Hearing Officer in this case, Defendant Carol Rhodes, the Plaintiff could hardly hold his head up and had to lay his head down on his arms which were on the table as the voices were loud in plaintiff's head, not voices from Officer Carol Rhodes or Officer Stallworth, but unknown voices which is the difficult to explain experience and result of Plaintiff's Mental Illness.

Pg 15

X

19) At the July 10th, 2010, parole hearing held at the Tuscaloosa County Jail, Defendant Hearing Officer, Carol Rhodes, repeatedly attempted to elicit from plaintiff answers to questions that plaintiff did not understand and could not answer, the Plaintiff, while holding his head down on the table, heard Defendant Carol Rhodes answer the questions herself, and heard Defendant Carol Rhodes typing on the laptop computer she had each time she answered a question that she herself had asked.                      Pg 16

X

20) Approx. one (1) week after the hearing held at the Tuscaloosa County Jail against the Plaintiff, the Plaintiff was transferred from the Tuscaloosa County Jail to Kilby correctional facility, where the Kilby psychiatric specialist immediately determined that the psychotropic medecines that were prescribed and transferred with Plaintiff from the Tuscaloosa County Jail were inadequate as after interveiwing the Plaintiff as part of the Kilby reception procedure, did determine that the Plaintiff was suffering from severe symptoms of his Mental Illness and prescribed to Plaintiff additional heavy dosages of psychotropic medicines.

Pg 17

X

21) After some time, the plaintiff, still suffering from symptoms of his mental illness, was transferred to another prison, Ventress Correctional Facility, where he remained under the care and treatment of the Ventress Mental Health Care Unit and continued the compliance and consumption of prescribed psychotropic medicines, where plaintiff's mental condition slowly began to stabilize and go into a state of remission, by now, it is some time in the year 2012.

Pg 18

X

22) On 5-13-2013, the Plaintiff filed a Writ of Certiorari in the circuit court of Montgomery, where he alleged before the Court that his Notice of Parole Court document of his 2010 parole revocation preceeding had been altered from the original prior to being passed to the Parole Board in Montgomery for Final Decision.

23) The Circuit Court in Montgomery did rely on the presentation presented to it, of the Forged Instrument of the Notice of Parole Court Document, which was asserted and alleged, by the Alabama Board of Pardons and Paroles to be the authentic copy of the original, causing the Circuit Court

X

Pg 19

to summarily dismiss the Plaintiff's petition.

24) The plaintiff then filed an Appeal with the Alabama Court of Criminal Appeals, CR-12-1793, alleging that the Circuit Court was incorrect in it's summary dismissal of his petition, and the Court of Criminal appeals, after judicially noticing the specific detail in difference of the Notice of Parole Court documents submitted into the Circuit Court by both parties, the Court of Criminal Appeals, then relied on the authenticity of the copy of the Notice of Parol Court Document submitted into the Court by the Alabama Board of Pardons and Paroles,

Pg 20

X

And even in light of the fact of the Alabama Board of Pardons and Paroles own admission that "they have been unable to determine why the two Parole Court documents submitted into the Courts appear to be marked differently, the Court of Criminal Appeals, accepted the unsworn copy of the Notice of Parole Court document submitted by the Alabama Board of Pardons and Paroles, and affirmed the ruling of the Court below.

Pg 21

X

25) The Plaintiff then filed an appeal with the Alabama Supreme Court which denied without opinion.

26) Defendants Roderick D. Stallworth, an Alabama State Parole Officer and Defendant Carol Rhodes, an Alabama Parole Board member and the Hearing Officer, in this case, did, while acting under color of State Law, fraudulently, in bad faith, and beyond their authority, violate the Plaintiffs rights under the Substantive Law of 13A-9-3, (a)(1)(2)(3), Ala. Code 1975, to wit; Forgery, second degree, causing him injury and damages, wherefor Plaintiff demands from Defendants,

Pg 22

X

Roderick D. Stallworth, and Defendant Carol Rhodes, payment for damages, of not less than $100,000.⁰⁰, both, individually and separately.

27) A person commits the crime of Forgery in the second degree if, with intent to defraud, he falsely makes, completes or alters a written instrument which is or purports to be, or which is calculated to become or to represent if completed;

  (1) A deed, will, codicil, contract, assignment or check, draft, note or other commercial instrument which does or may evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status;

           Pg 23

X

  or

(2)   A public record, or an instrument filed or required or authorized by law to be filed in a public office or with a public employee;

or

(3)   A written instrument officially issued or created by a public office, public employee or government agency.

28) The Plaintiff, Paul Thomas, alleges that, on 6-23-2010, the Plaintiff did sign an Official Parole Board Document presented to him on that day by Defendant Roderick D. Stallworth, the said document entitled "Notice of Parole Court", and that on 6-23-2010, after Plaintiff signed the aforesaid document, Defendant Roderick D. Stallworth did sign, executing completely the same.

X

Pg 24

29)   After 6-23-2010, and on or before 7-8-2010, the date of Plaintiff's Parole Court hearing held at the Tuscaloosa County Jail by Defendant Carol Rhodes, Defendant Roderick D. Stallworth, did unlawfully and without the consent of the Plaintiff, while acting under color of State law, in bad faith, beyond his authority, and with an intent to defraud, falsely altered the aforesaid "Notice of Parole Court" document, materially changing it from the originally signed document, thereby depriving Plaintiff of his liberty Interest of Freedom, and Plaintiff's U.S. Constitutional 14th Amendment right to Substantive and Procedural Due Process

Pg 25

30)   Further, the Plaintiff alleges that, after the Parole Court hearing held against the Plaintiff on 7-8-2010, Defendant Carol Rhodes, by an concerted action, did utter and passed the forged instrument, to wit; "the Notice of Parole Court document", to the Parole Board in Montgomery, AL. for final determination as to revoke the Plainstiffs' parole, conspiring with Defendant Roderick D. Stallworth, further depriving the Plaintiff of his U.S. Constitutionally protected right to Substantive and Procedural Due Process.

Pg 26

X

31) After relying at least in part, on the Notice of Parole Court Document Plaintiff alleges was altered and/or forged, the Alabama Board of Pardons and Paroles, did, revoke the Plaintiff's parole on 8-2-2010, an action by the Board contended by the Plaintiff to be illegal, because the Alabama Board of Pardons and Paroles relied on a forged and/or misrepresentation of the original Notice of Parole Court document in it's decision to revoke the Plaintiffs Parole.

Pg 27

X

32) In addition, this petition incorporates the claim of nonfeasance, misfeasance, and/or malfeasance in office against both the Former Director of the Alabama Board of Pardons and Paroles, Defendant Cythia Dillard and current Director, Defendant Phil Byrant, alleging that by their concerted action authorizing the aforesaid Notice of Parole Court document to be submitted into the Courts of Law, in light of the allegation by plaintiff that the Notice of Parole Court document in the Parole Board file is a forged copy of the original, and notwithstanding their authority, ability, and Mandatory duty to investigate plaintiffs' allegations, they both

x

Pg 28

did conspire with the unlawful state action

of Defendants Carol Rhodes and Roderick D. Stallworth.

Both Defendant Directors breached their

Mandatory Duty as required by the Alabama

Constitution, Article XVI section 279,

### Oath of Office

All members of the legislature, and all officers,

executive and judicial, before they enter upon

the execution of the duties of their respective

offices, shall take the following oath or

affirmation:                          Pg 29

X

"I, . . . . . . , solemnly swear (or affirm, as the case may be) that I will support the Constitution of the United States, and the Constitution of the State of Alabama, so long as I continue a citizen thereof, and that I will faithfully and honestly discharge the duties of the office upon which I am about to enter, to the best of my ability.

So help me God. "

Whereas, both Directors were in possesion of information and Knowledge that the 14th Amendment Due Process rights and the Alabama Constitutional Article 1 section 6 Due Process

X

Pg 30

rights of the Plaintiff, Paul Thomas, former State of Alabama parolee, were possibly violated during his 2010 parole revocation proceeding, did neglect their ministerial and Mandatory duty under the Code of Alabama 1975, §15-22-24, requiring the re-opening of a parole file to investigate allegations of Due Process violations occuring during an Alabama Parole revocation proceeding, causing the plaintiff damages wherefor plaintiff demands both Directors personally responsible for an equal amount of any court ordered damage award.

Pg 31

X

33) The Plaintiff further seeks a Federal Court order compelling the current director, Phil Bryant, to perform his duty under § 15-22-24 and re-open and investigate Plaintiff's parole proceedings of 2010 for determination of the allegations of forgery of Plaintiff's "Notice of Parole Court" document, and for an order that the director's findings be submitted to the Court under the penalty of Perjury.

Pg 32

X

34)   Also incorporated in this petition is an action at Alabama Common Law, with claims against all above named Defendants, for Trepass, as established by the facts incorporated in this petition, both above and below, whereby causing the Plaintiff damages, wherefor Plaintiff demands relief from all Defendants, both individually and separately, and for both, compensatory and punitive, in an amount not less than $150,000.00.

35) This Petition asserts all claims against the above named Defendants in their Individual and Personal Capacities.

Pg 33

x

36)   Further the Plaintiff alleges that the facts set out herein this petition, if proved, is sufficient under the law of Forgery and Breach of Contract to attach Liability to all above named Defendants.

" The elements of Forgery are;
     (1) that there must be a False making and this may be accomplished by the fraudulent application of a False signature to a True instrument; or a real signature to a false instrument;  (2) that the essence of forgery is an intent to injure or defraud when the act complained of is done, and it is not necessary that any actual injury should result from the offense; and (3) there is a sufficient resemblance to a real instrument to impose on those to whom it is uttered.
     Martin v. State, 354 So. 2d 1146, 1977 Ala. Crim. App. LEXIS 1586 (Crim. App. 1978), rev'd, 354 So. 2d 1152, 1977 Ala. LEXIS 2185 (1978).

X

Pg 34

The elements of a breach-of-contract claim under Alabama law are:

    (1) a valid Contract binding the parties,
    (2) the Plaintiff's performance under the Contract,
    (3) the defendant's non performance, and
    (4) resulting damages.

37) In addition, Plaintiff has not been relieved from the alleged Deprivations of his aforesaid rights under the law and pleads before this Court the Doctrine of Continuing Violation, as Plaintiff is currently still being held in lieu of the parole revocation hearing,

X

that Plaintiff has alleged was effected,
through and by, unlawful state actions,
that were committed by the above named
Defendants during Plaintiff's 2010 parole
revocation proceedings.

Pg 36

X

38) The following definitions are applicable under 13A-9-1, Code of Alabama, and in this case, unless the context otherwise requires:

(1) Written instrument.   Such term means:
      a. Any paper, document or other instrument containing written or printed matter or its equivalent;

      b. Any token, stamp, seal, badge, trademark or other evidence or symbol of value, right, privilege or identification, which is capable of being used to the advantage or disadvantage of some person.


(2) Complete written instrument.   one which purports to be a genuine written instrument fully drawn with respect to every essential feature thereof.

Pg 39

X

(3) Incomplete written instrument. One which contains some matter by way of content or authentication, but which requires additional matter in order to render it a complete written instrument.

(4) Falsely make. To "falsely make" a written instrument means to make or draw a complete written instrument in its entirety, or an incomplete written instrument, which purports to be authentic creation of it's ostensible maker, but which is not, either because the ostensible maker is fictitious, or because, if real, he did not authorize the making or drawing thereof.

(5) Falsely Complete. To "falsely complete" a written instrument means to transform, by adding, inserting, or changing matter, an incomplete written instrument into a complete one, without lawful authority, so that the completed written instrument falsely appears or purports to be in all respects an authentic creation of its ostensible maker or authorized by him.

X

Pg 38

(6) Falsely alter.  To "falsely alter" a written instrument means to change, without lawful authority, a written instrument, whether complete or incomplete, by means of erasure, obliteration, deletion, addition or transportation of matter, or in any other manner, so that the instrument so changed falsely appears or purports to be in all respects an authentic creation of its ostensible maker or authorized by him.

(7) Forged instrument.  A written instrument which has been falsely made, completed or altered.

(8) Intent to defraud.  A purpose to use deception, as defined in Section 13A-8-1 (1), or to injure another person's interest which has value, as defined in Section 13A-8-1 (14).

(9) Property.  Such term is defined as in Section 13A-8-1 (10).

X

Pg 39

(11)  Government.   Such term is defined as in   Section 13A-8-1 (5).

(12)  Utter.   To "utter" means to directly or indirectly offer, assert, declare or put forth a forged instrument as genuine.

(39)  Plaintiff request this Court to exercise its Jurisdiction over all Claims, both Federal and State, pursuant to Fed. R. Civ. P. Rule 18.

Pg 40

X

# VERIFICATION

I do hereby, swear, and affirm that the forgoing is true and current to the best of my information, Knowledge, and belief.
Executed on the date below bearing the subscription and seal.

Respectfully Submitted,
Affiant,

X ___Paul Thom___

Paul Thomas #182955
CWC
P.O. Box 368
Childersburg, AL 35044

SWORN TO AND SUBSCRIBED before me on this the 16th day of June 2016.

___Wanda O Threatt___
Notary Public

___June 30, 2018___
My Commission Expires

X

Paul Thomas # 182955
CWC
P.O. BOX 368
Childersburg, AL 35044

 

CERTIFIED MAIL

7010 3090 0003 1271 2653

U.S. POSTAGE
CHILDERSBURG, AL
35044
JUN 17 16
AMOUNT
$8.62
R2305E125008-05

U.S. District Court
Civil Division
P.O. BOX 711
MONTGOMERY ALABAMA 36101

ATTN: Clerk of
Court