IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PAUL THOMAS, #182 955, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-CV-450-WKW |
| ) | [WO] |
| RODERICK D. STALLWORTH, ) | |
| ALABAMA PAROLE OFFICER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by Paul Thomas, a state inmate, on June 16, 2016.[1] Plaintiff names as defendants parole officer Roderick Stallworth, parole board hearing officer Carol Rhodes, Cynthia Dillard, former Executive Director of the Alabama Board of Pardons and Parole ["ABPP"], and Phil Bryant, Executive Director of the ABPP. Plaintiff seeks to challenge the validity of his 2010 parole revocation proceedings. Specifically, he alleges Defendants Rhodes and Stallworth, with intent to defraud, falsely altered his notice of parole court hearing materially changing it which resulted in a deprivation of his "liberty interest in freedom." Plaintiff requests damages and a court order directing Defendant Bryant to re-open and investigate Plaintiff's 2010 parole proceeding for a determination on his allegation of due process violations regarding alterations to his notice of parole court hearing.

---

[1] The court notes Plaintiff also seeks to assert a cause of action under 42 U.S.C. § 1985(3). While § 1985 provides a remedy based upon a conspiracy to deprive an individual of equal protection or equal privileges and immunities under the law, Plaintiff's allegations of conspiracy are conclusory and vague and fail to allege Defendants' conduct was motivated by racial or otherwise class-based invidiously discriminatory animus. *See Arnold v. Bd. of Educ. of Escambia Cty., Alabama*, 880 F.2d 305, 309, 317-318 (11th Cir. 1989), *overruled on other grounds by Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993).

1

Plaintiff also asserts state law claims for trespass, forgery, fraud, and breach of contract. Doc. # 1.

Under the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, this court must screen complaints filed by prisoners against a governmental entity or officers or employees of governmental entities.[2] Upon review, the court concludes that dismissal prior to service of process is appropriate under 28 U.S.C. § 1915A.[3]

## I. DISCUSSION

### A. The Parole Revocation Claim

On June 23, 2010, Plaintiff signed a notice of parole court hearing also signed by Defendant Stallworth. Plaintiff alleges Defendant Stallworth altered this document by the revocation hearing date of July 8, 2010, which materially changed the document from the original one he signed on June 23, 2010. The Alabama Board of Pardons and Parole, Plaintiff claims, relied on a forged or misrepresentation of the original notice of parole court hearing document in its decision to revoke Plaintiff's parole causing a deprivation of his liberty without due process and various violations of state law. Doc. # 1.

The claims presented by Plaintiff challenge the constitutionality of his July 2010 parole revocation proceedings. Plaintiff is incarcerated due to the revocation of his parole in 2010. Under well settled law, the claims raised by Plaintiff regarding the validity of his detention provide no

---

[2] The screening procedures which have been established for prisoner civil actions by § 1915A apply whether the plaintiff has paid the entire filing fee or is proceeding *in forma pauperis*. *Martin v. Scott*, 156 F.3d 578-579-80 (5th Cir. 1998).

[3] A prisoner will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915A. This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

basis for relief in this cause of action.  *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Applicable federal law establishes that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481, *citing Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).  In *Heck*, the Supreme Court expounded on *Preiser* in holding that claims for damages challenging the legality of a prisoner's conviction or confinement, even where the prisoner has exhausted available remedies, are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed [by a state court], expunged [by executive order], invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  *Heck*, 512 U.S. at 489.  The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  *Id*. at 487.

In *Balisok*, the Court further determined that a prisoner's "claim for [both] declaratory relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, [punishment which impacted the duration of the prisoner's confinement,] is not cognizable under § 1983" unless the challenged judgment has previously been overturned.  520 U.S. at 648.  The Court determined this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id*. at 645.  The Court again emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.  The rule of *Heck* is not limited to a request for damages but is equally applicable to an inmate's request for declaratory relief.  "It is irrelevant that [the plaintiff] disclaims

3

any intention of challenging his conviction [or parole revocation]; if he makes allegations that are inconsistent with the conviction's [or revocation of parole] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), *citing Balisok*, 520 U.S. at 646-648.  An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F. Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Indiana Dep't of Corr.*, 75 F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge."). *Heck* directs that a state inmate "making a collateral attack on his conviction [or parole revocation] . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). *Okoro*, 324 F.3d at 490. *See Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995) (claims for declaratory or injunctive relief seeking actions by a federal court which would affect either the validity of the prisoner's conviction or the duration of his sentence "are simply not cognizable under § 1983."); *Offet v. Solem*, 823 F.2d 1256, 1258 (8th Cir. 1987) (in determining whether favorable decision in § 1983 action would establish "irrefutable" habeas claim, court not bound by plaintiff's characterization of claim). The principles espoused in *Heck* and *Balisok* apply to denials of parole and parole revocations. *Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997) (denial of parole); *Schafer v. Moore*, 46 F.3d 43, 44-45 (8th Cir. 1995) (denial of parole); *Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (revocation of parole).

Plaintiff's parole revocation, which forms the basis for his present incarceration, has not been reversed, expunged, impugned or invalidated in an appropriate state or federal action. *Heck* and its progeny, therefore, bar his use of any federal civil action, other than an application for habeas corpus relief, to mount a collateral attack to the validity of his 2010 parole revocation. 512 U.S. at 486-487 ("[I]n order to recover damages for allegedly unconstitutional conviction or

imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence [or imprisonment] invalid, a § 1983 plaintiff must prove that the conviction or sentence [or parole revocation] has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."); *Balisok*, 520 U.S. at 645 (A petition for writ of habeas corpus is the "sole remedy in federal court" for a prisoner seeking declaratory relief or money damages for claims affecting the duration of his confinement.); *Abella*, 63 F.3d at 1066 n.4 ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Thus, the claims presented by Plaintiff seeking relief from his detention because of the revocation of his parole are prohibited and subject to summary dismissal under 28 U.S.C. § 1915A(b)(1).

**B. State Law Claims**

Plaintiff complains that Defendants' actions regarding his 2010 parole revocation proceedings implicate the state torts of trespass, breach of contract, fraud, and forgery. Review of such claims are only appropriate upon exercise of this court's supplemental jurisdiction. In the posture of this case, however, exercising such jurisdiction is inappropriate.

For a federal court "[t]o exercise [supplemental] jurisdiction over state law claims not otherwise cognizable in federal court, the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a common nucleus of operative fact." *L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984) (internal quotation marks and citations omitted). Exercising supplemental jurisdiction is discretionary. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428. In view of the resolution of the federal claims, Plaintiff's supplemental state tort

claims are due to be dismissed. *Gibbs*, 383 U.S. at 726 (if the federal claims are dismissed prior to trial, the state claims should be dismissed as well); *see also Ray v. Tennessee Valley Auth.*, 677 F.2d 818 (11th Cir. 1982).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's challenges to the validity of his 2010 parole revocation proceedings be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1) as such claims are not properly before the court at this time;

2. Plaintiff's state law claims be DISMISSED without prejudice;

3. This case be DISMISSED prior to service of process under 28 U.S.C. § 1915A(b)(1).

It is further

ORDERED that **on or before July 27, 2016**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 13th day of July 2016.

    /s/  Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE